FILED
2008 NOV 14 PM 3:40
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| ROCKY M. CONTRERAS, | Case No. 08cv1362 BEN (WMC) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | **(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| OMAR VAZQUEZ, | **(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND** |
| Defendant. | **(3) DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Rocky M. Contreras has commenced a civil rights action against Omar Vazquez, an officer of the United States Coast Guard.[1] Dkt. No. 1. Instead of paying the $350.00 filing fee, Contreras moves to proceed *in forma pauperis*. Dkt. No. 2. He also moves for appointment of counsel. Dkt. No. 3. For the reasons set forth below, these motions are denied and the action is dismissed without prejudice.

///

///

---

[1] Contreras commenced another action in this Court against an administrative law judge and the Coast Guard, alleging claims arising from the same underlying events. *Contreras v. McKenna*, No. 08cv0044 BEN (WMC) (S.D. Cal.). The Court dismissed that action without prejudice for failure to pay the $350.00 filing fee.

# BACKGROUND

## I.     The Complaint

This action arises from an alleged administrative law hearing initiated by the Coast Guard. According to the one-paragraph Complaint, the Coast Guard charged Contreras with misconduct and scheduled a hearing. Dkt. No. 1 at 1. Vazquez allegedly threatened Contreras to plead guilty to the charges and violated his right to attend a pre-hearing conference. *Id.* This action followed.

## II.    Motion to Proceed *in Forma Pauperis*

Using a form declaration, Contreras states that he is unemployed and received an unspecified amount of income from a two-day employment in July 2008. Dkt. No. 2 at 2. He claims to have approximately $30.00 in a bank account. *Id.* He does not explain how he pays for his day-to-day expenses. Nor is his declaration signed.

## III.   Motion for Appointment of Counsel

Contreras' motion for appointment of counsel also provides incomplete information regarding his finances. *See* Dkt. No. 3. He claims to have no income but a total of $325.00 in monthly expenses, including: $100.00 for alimony and $225.00 for rent. *Id.* at 7. He claims to have $235.00 in a bank account. *Id.* at 6. He does not identify the source of funds to cover these expenses.

Although Contreras makes only cryptic statements about his finances, he readily admits that he has made no effort to secure counsel. *Id.* at 3.

# DISCUSSION

Under 28 U.S.C. § 1915, the Court has broad discretion to grant or deny Contreras' motions to proceed *in forma pauperis* and to appoint counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). The Court addresses these motions in turn.

## I.     Failure to Demonstrate Indigency

To proceed *in forma pauperis*, Contreras need not show that he is completely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). He must, however, demonstrate his indigency with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (*per curiam*).

Contreras cannot meet this burden. He fails to provide the Court's with a signed declaration demonstrating his indigency. *See* Dkt. No. 2. His unsigned declaration, even if taken at face value, does not specify his expenses or the source of funds for his day-to-day expenses. *Id.* As a result, he cannot demonstrate his indigency with certainty. *McQuade*, 647 F.2d at 940. Accordingly, his motion to proceed *in forma pauperis* must be denied.

## II. Failure to Demonstrate Exceptional Circumstances

To obtain appointment of counsel, Contreras must demonstrate "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981) (a civil litigant has no constitutional right to appointment of counsel unless his liberty is at stake). To find exceptional circumstances, the Court must evaluate both the likelihood of success on the merits and the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017.

Here, the Court lacks a factual basis to conduct an evaluation under *Terrell*, because Contreras submits no facts to demonstrate that his claims are likely to succeed on the merits. Moreover, he admits that he has not made any effort to secure counsel. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (Brewster, J.) (denying motion for appointment of counsel because the movant failed to make "a reasonably diligent effort to secure counsel"). Accordingly, Contreras' motion for appointment of counsel is denied. *Terrell*, 935 F.2d at 1017.

## CONCLUSION

For the reasons set forth above, the Court denies Contreras' motions to proceed *in forma pauperis* and for appointment of counsel.

To commence this action, Contreras must pay a $350.00 filing fee, unless this Court grants his motion to proceed *in forma pauperis*. 28 U.S.C. §§ 1914-15; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Because his motion is denied, this action is dismissed without prejudice and may be re-opened if he pays the required filing fee within 60 days of the entry of this Order.

IT IS SO ORDERED.

Dated: November 14, 2008

Hon. Roger T. Benitez
United States District Judge